**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**WILLIAM L. HARRIMAN,**

      **Plaintiff,**

    v.                                       **Civil Action 2:16-cv-514
Judge Algenon L. Marbley
Magistrate Judge Jolson**

**COMMISSIONER OF SOCIAL
SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, William L. Harriman, brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits and supplemental security income. For the reasons that follow, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner's nondisability finding and **REMAND** this case to the Commissioner and Administrative Law Judge ("ALJ") under Sentence Four of § 405(g).

**I.**     **BACKGROUND**

Plaintiff applied for disability insurance benefits and supplemental security income in October 2012, alleging disability beginning April 15, 2009. (Doc. 12 at 2). His claim was denied initially on February 1, 2013, and upon reconsideration on June 10, 2013. (*Id.*). An Administrative Law Judge (the "ALJ") held a hearing on September 9, 2014. (*Id.*). Thereafter, Dr. Floyd Sours examined Plaintiff on November 19, 2014 at the request of the ALJ. (*Id.* at 7).

Dr. Sours completed a medical source statement concerning Plaintiff's mental ability to do work-related activities. (Tr. 623, PAGEID #: 665). Dr. Sours opined that Plaintiff had

moderate impairments in his ability to: make judgments on simple or complex work-related decisions; understand, remember, and execute complex instructions; and respond appropriately to usual work situations and to changes in a routine work setting. (Tr. 623–24, PAGEID #: 665–66). He found these determinations supported by Plaintiff's memory problems and borderline intellect as reflected in past testing. (*Id.*).

Following Dr. Sours's completion of the medical source statement, Plaintiff's counsel requested that the ALJ send Dr. Sours interrogatories or, alternatively, a subpoena for cross-examination. (Doc. 12 at 5; Tr. 43, PAGEID #: 85). The ALJ explained his response to the request as follows:

> I refused to send the interrogatory, as it was counsel's mental residual functional capacity form, which I found did not satisfy the requirements of HALLEX as a proper interrogatory. I informed counsel that I would entertain the subpoena request if they submitted that request in accordance with HALLEX. Counsel resubmitted the form, albeit with cosmetic changes, thus I again refused to send it out.
>
> I held a conference on April 15, 2015, in which we discussed our positions on the interrogatory form. We also discussed the subpoena issue, which was basically withdrawn, as I would not allow them to pose those questions to the consultant.

(Tr. 43, PAGEID #: 85).

The ALJ denied benefits in a written decision on July 10, 2015. (*Id.*). Specifically, the ALJ found that Plaintiff meets the Social Security Act's special earnings requirements at all times relevant to the decision, and that he has not engaged in substantial gainful activity since the alleged onset date of April 15, 2009. (Tr. 46, PAGEID #: 88). The ALJ likewise determined that Plaintiff suffers from the severe impairments of seizure disorder, status-post traumatic brain injury, obstructive sleep apnea, anxiety-related and affective disorders, attention deficit disorder, cognitive disorder, and alcohol use disorder in questionable early remission, but he does not have an impairment or combination of impairments that meets or equals a listed

2

impairment. (Tr. 46–50, PAGEID #: 88–92). The ALJ determined Plaintiff has the RFC to:

> perform a full range of work at all exertional levels but with the following non-exertional limitations: he cannot climb ladders, ropes, or scaffolds or work around hazards, such as unprotected heights or dangerous machinery. He cannot engage in commercial driving activities. Mentally, the claimant can perform simple, repetitive tasks in a relatively static environment where there are infrequent changes in duties or processes not involving more than occasional contact with others, strict production quotas, or a fast assembly-line pace.

(Tr. 51, PAGEID #: 93).

The ALJ looked to the hearing testimony of the vocational expert and determined that Plaintiff is incapable of performing past relevant work. (Tr. 57, PAGEID #: 99). However, he found that there are other jobs in the national economy that Plaintiff is able to perform, considering Plaintiff's RFC and the relevant vocational factors. (*Id.*). Based upon the foregoing, the ALJ determined that Plaintiff has not been under a disability as defined in the Social Security Act from April 15, 2009 through the date of the decision, and the ALJ denied benefits. (Tr. 58–59, PAGEID #: 100–101).

The ALJ's decision became final when the Appeals Council denied review on April 12, 2016. (Doc. 12 at 2). Plaintiff filed this case on June 8, 2016 (Doc. 1), and the Commissioner filed the administrative record on August 15, 2016 (Doc. 9). Plaintiff filed a Statement of Specific Errors on October 8, 2016 (Doc. 12), and the Commissioner responded on November 23, 2016 (Doc. 13). Plaintiff replied on December 7, 2017 (Doc. 14).

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc.*

*Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994)). The Commissioner's findings of fact must also be based upon the record as a whole. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985). To that end, the Court must "take into account whatever in the record fairly detracts from [the] weight" of the Commissioner's decision. *Rhodes v. Comm'r of Soc. Sec.*, No. 2:13-cv-1147, 2015 WL 4881574, at *2 (S.D. Ohio Aug. 17, 2015).

Even if the ALJ's decision satisfies the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). "An ALJ's failure to follow agency rules and regulations 'denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (quoting *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir. 2009)).

## III. DISCUSSION

In his Statement of Specific Errors, Plaintiff argues that the ALJ denied him due process rights by failing to fully and fairly develop the record. (Doc. 12 at 7). Plaintiff likewise claims that the ALJ failed to properly evaluate the mental health opinion of record.

### A. The ALJ's Development of the Record

HALLEX I-2-5-42B provides guidance on the ALJ's preparation of interrogatories. It provides, in pertinent part, that the ALJ must phrase each question in a way that will not direct or suggest any specific conclusion, but will elicit a clear and complete response that will, as much as possible, be expressed in terms the claimant will understand. *Id*. Here, the ALJ found that

4

Plaintiff's proposed interrogatories suggested a specific conclusion to the extent that they "failed to identify any limitation between no restriction and a restriction that would put the individual off-task at least 10 percent (mild), which generally corresponds to finding of disability." (Tr. 44, PAGEID #: 86). On this basis, the ALJ found that the interrogatories "violated the principles set out in HALLEX," and refused to send them to Dr. Sours. (*Id.*). The ALJ also characterized the interrogatories as Plaintiff's own version of a medical source statement, stating that the questions posed were "in some respects, already asked and answered." (*Id.*).

Plaintiff disagrees and states that the "submitted interrogatories actually define 'mild' as an inability in an area '***less than*** 10% of the work day or work week.'" (Doc. 12 at 5 (emphasis in original) (citing Tr. 402, PAGEID #: 444)). Plaintiff argues that the ALJ improperly refused to send the interrogatories based on his mistaken belief that only two answers could result—a finding of no mental health limitations or limitations that necessarily result in a finding of disability. (*Id.* at 7). Further, to the extent that the ALJ considered the interrogatories asked and answered, Plaintiff's counsel explained that he was requesting the information to "address issues physically not otherwise covered by the consultant in his narrative report or his assessment dated November 22, 2014." (Tr. 418, PAGEID #: 460). Plaintiff acknowledges that it is in the ALJ's discretion whether to allow interrogatories but argues that, "when the ALJ utilizes that discretion and determines that interrogatories will not be presented to a witness, that determination must enjoy the support of substantial evidence." (Doc. 14 at 2).

This Court agrees with Plaintiff. Interrogatories, like cross-examination, allow a plaintiff "the opportunity present all of his evidence and to confront the evidence against him." *Flatford v. Chater*, 93 F.3d 1296, 1306–1307 (6th Cir. 1996); *see also Hibbard v. Colvin*, No. CIV.A. 13-165-DLB, 2014 WL 349379, at *3 (E.D. Ky. Jan. 31, 2014) (noting that, due to the non-

adversarial nature of social security cases, interrogatories may often "provide a meaningful opportunity for a disability claimant to confront evidence he believes to be adverse to his claim"). Consequently, if the ALJ improperly denies a plaintiff the opportunity to confront the evidence against him, substantial evidence may not support the decision. *See Rahe v. Astrue*, 840 F. Supp. 2d 1119, 1138 (N.D. Iowa 2011); *see also Quattlebaum v. Comm'r of Soc. Sec.*, 850 F. Supp. 2d 763, 781 (S.D. Ohio 2011) (finding, *inter alia*, the ALJ's failure to follow-up with interrogatories left the Court without a basis for meaningful judicial review).

In this case, whether the interrogatories allow for the identification of any limitation between no restriction and a restriction that would put the individual off-task at least 10 percent of the time is relevant because, at the September 2014 hearing, the vocational expert testified that an individual off-task 10 percent of the time would be unable to sustain full-time employment. (Tr. 127, PAGEID #: 169). However, the vocational expert also testified that "most employers expect one to be on task or productive 90 to 95 percent of the time." (*Id.*). Thus, according to the vocational expert's testimony, if an individual were off-task less than 10% of the time, that individual would not be precluded from full-time employment. (*Id.*). Based on these circumstances, the Court finds that the ALJ failed to fully develop the record, and his decision should be reversed. *See Lashley v. Sec. of Health and Human Servs.*, 708 F.2d 1048, 1052 (6th Cir. 1983).

### B. The ALJ's Evaluation of Plaintiff's Mental Health Record

The Court's decision to recommend reversal and remand on the first assignment of error alleviates the need for analysis on Plaintiff's second assignment of error. Nevertheless, if the recommendation is adopted, the ALJ may consider Plaintiff's remaining assignment of error on remand if appropriate.

## IV. CONCLUSION

For the reasons stated, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner's nondisability finding and **REMAND** this case to the Commissioner and Administrative Law Judge ("ALJ") under Sentence Four of § 405(g).

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

IT IS SO ORDERED.


Date: June 30, 2017　　　　　　　　　　　　　　/s/ Kimberly A. Jolson
　　　　　　　　　　　　　　　　　　　　　　KIMBERLY A. JOLSON
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE